ACCEPTED
06-14-00178-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/20/2015 1:45:01 PM
DEBBIE AUTREY
CLERK

**ORAL ARGUMENT NOT REQUESTED**

No. 06-14-00178-CR through 06-14-00181-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/20/2015 1:45:01 PM

DEBBIE AUTREY
Clerk

**IN THE SIXTH COURT OF APPEALS
TEXARKANA, TEXAS**

———————

**WILLIAM JAMES AKIN,**
**Appellant**

**v.**

**THE STATE OF TEXAS,**
**Appellee**

———————

**On Appeal in Cause Nos.
CR-13-24791, CR-13-24795, CR-13-24796 and CR-13-24979
From the 336TH Judicial District Court
of Fannin County, Texas**

———————————————

# STATE'S BRIEF

———————————————

**John B. Setterberg**
**State Bar No. 24043915**
**Assistant Criminal District Attorney**
**Fannin County, Texas**
**101 E. Sam Rayburn Dr., Ste. 301**
**Bonham, Texas 75418**
**903-583-7448**
**903-583-7682 (fax)**

**ATTORNEY FOR THE STATE**

## IDENTITY OF PARTIES AND COUNSEL

The State certifies that the following is a complete list of the parties, attorneys, and other persons with interest in the outcome of this case:

(1)    John B. Setterberg, Assistant Criminal District Attorney, Fannin County, 101 East Sam Rayburn Drive, Suite 301, Bonham, Texas 75418; ATTORNEY FOR THE STATE OF TEXAS.

(2)    Steve Miears, 211 N. Main St., Bonham, Texas 75418; APPELLATE ATTORNEY FOR APPELLANT.

(3)    Donald K. Hoover, 101 East Sam Rayburn Drive, Suite 301, Bonham, Texas 75418, TRIAL ATTORNEY FOR APPELLANT;

(4)    William James Akin, TDCJ # 01955082, Dalhart Unit, 11950 FM 998, Dalhart, Texas 79022; APPELLANT.

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................ i

TABLE OF CONTENTS .................................................................................. ii

INDEX OF AUTHORITIES ............................................................................ iii

STATEMENT OF FACTS ............................................................................... 2

SUMMARY OF THE ARGUMENT ................................................................... 2

ARGUMENT ............................................................................................... 4

    Appellant's choice of pornography was relevant to show which acts would arouse or gratify his sexual desire and to refute a defensive theory of fabrication. ............................................................................................... 5

    Evidence of the defendant's choice of pornography was limited to prevent substantially unfair prejudice. ..................................................................... 9

    Appellant's second point of error presents nothing for review. The trial court acted within its discretion and Appellant was not burdened with an unfair or unqualified jury. ............................................................................ 12

CONCLUSION ........................................................................................... 19

PRAYER ................................................................................................... 20

CERTIFICATE OF COMPLIANCE ................................................................. 21

CERTIFICATE OF SERVICE ......................................................................... 21

# INDEX OF AUTHORITIES

**Cases**

*Bitterman v. State*, 2007 Tex. App. LEXIS 7235 (Tex. App. – Austin 2007) ........10

*Broxton v. State*, 909 S.W.2d 912 (Tex. Crim. App. 1995)....................................16

*Butler v. State*, 459 S.W.3d 595 (Tex. Crim. App. 2015)....................................7, 9

*Casey v. State*, 215 S.W.3d 870 (Tex. Crim. App. 2007).......................................10

*Darby v. State*, 922 S.W.2d 614 (Tex. App. – Ft. Worth 1996) ...........................6, 9

*Gamboa v. State*, 296 S.W.3d 574 (Tex. Crim. App. 2009)....................................13

*Gigliobianco v. State*, 210 S.W.3d 637 (Tex. Crim. App. 2006) ...........................12

*Gonzalez v. State*, 353 S.W.3d 826 (Tex. Crim. App. 2011)...............................4, 18

*Jones v. State*, 982 S.W.2d 386 (Tex. Crim. App. 1998) .......................................20

*Keeter v. State*, 175 S.W.3d 756 (Tex. Crim. App. 2005).......................................16

*Martinez v. State*, 91 S.W.3d 331 (Tex. Crim. App. 2002) .....................................15

*Mattingly v. State*, 382 S.W.3d 611 (Tex. App. – Amarillo 2012)............................9

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990) .........................4, 11

*Mozon v. State*, 991 S.W.2d 841 (Tex. Crim. App. 1999).......................................11

*Ochoa v. State*, 982 S.W.2d 904 (Tex. Crim. App. 1998)...................................6, 12

*Reynolds v. State*, 227 S.W.3d 355 (Tex. App. – Texarkana 2007) ..........................4

*Romero v. State*, 800 S.W.2d 539 (Tex. Crim. App. 1990)........................................5

*Salazar v. State*, 38 S.W.3d 141 (Tex. Crim. App. 2001) .........................................5

*Sarabia v. State*, 227 S.W.3d 320 (Tex. App. – Ft. Worth 2007) .................... 6, 7, 9

*Stinson v. State*, 2009 Tex. App. LEXIS 3186 (Tex. App. – Dallas 2009) .............10

*Thomas v. State*, 408 S.W.3d 877 (Tex. Crim. App. 2013).....................................17

*United States v. Long*, 574 F.2d 761 (3rd Cir. 1978).................................................11

*Vasquez v. State*, 67 S.W.3d 229 (Tex. Crim. App. 2002) .......................................11

*Wallace v. State*, 782 S.W.2d 854 (Tex. Crim. App. 1989) .......................................7

*Weatherred v. State*, 15 S.W.3d 540 (Tex. Crim. App. 2000)....................................4

*Wooley v. State*, 2010 Tex. App. LEXIS 10306 (Tex. App. – Dallas 2010).............9

*Zillender v. State*, 557 S.W.2d 515 (Tex. Crim. App. 1977)....................................16

## Statutes

TEX. CODE CRIM. PRO. art. 35.16............................................................................16

TEX. PENAL CODE § 21.11........................................................................................5

## Rules

TEX. R. APP. P. 33.1 ................................................................................................13

TEX. R. EVID. 401....................................................................................................5

TEX. R. EVID. 402....................................................................................................8

TEX. R. EVID. 403....................................................................................................9

IN THE SIXTH COURT OF APPEALS
TEXARKANA, TEXAS

———————

WILLIAM JAMES AKIN,
Appellant

v.

THE STATE OF TEXAS,
Appellee

———————

TO THE HONORABLE JUSTICES OF THE SIXTH COURT OF APPEALS:

COMES NOW the State of Texas, by and through her assistant criminal district attorney, and respectfully submits this brief in the above-styled and numbered cause. This is an appeal from four convictions of child sexual abuse. On October 24, 2013, Appellant was indicted in cause no. CR-13-24791 for the offense of sexual assault of a child and on two cases of indecency with a child in cause numbers CR-13-24795 and CR-13-24796.[1] He was later indicted on a third charge of indecency with a child in cause number CR-13-24979 (Cl. R., #CR-13-24979, at 11). All four cases were tried together to a jury. The first jury was selected on May 12, 2014, but could not reach a decision (Cl. R. at 9). The trial court declared a mistrial and the parties selected a second jury on September 8,

———————

[1] (Cl. R., # CR-13-24791, at 12); (Cl. R., # CR-13-24795, at 14); (Cl. R., # CR-13-24796, at 14); for brevity's sake, references to the clerk's record will henceforth be to that in cause no. CR-13-24791 unless specifically noted otherwise.

2014 (Cl. R. at 10). That jury found Appellant guilty of all four charges (Cl. R. at 10). On September 12, 2014, the jury sentenced Appellant to 20 years incarceration in each case (Cl. R. at 11). Appellant filed notice of appeal on September 17, 2014 (Cl. R. at 169-70).

## STATEMENT OF FACTS

The State generally accepts Appellant's recitation of fact except as more fully set forth herein.

## SUMMARY OF THE ARGUMENT

Appellant's first point of error complains that evidence admitted of his recent internet searches for pornography, and of the images themselves, were not relevant to his guilt, or alternatively, were unfairly prejudicial. He claims that the images and search history could not be attributed to him because there were others who had access to the computer on which the evidence was found. However, the evidence was reasonably attributed to Appellant by circumstance and by testimony of his family at trial. Additionally, evidence of the Appellant's search history was necessary to demonstrate his sexual desire, and by extension to establish that he acted to arouse of gratify that desire when he sexually assaulted his young victim. It was further relevant to rebut a defensive theory that the victim had falsely accused Appellant because it tended to corroborate her testimony and dispel the

2

suggestion of fabrication. The State limited the evidence to four exhibits, only two of which were graphic, and the trial court admonished the jury that it could consider the evidence only for its effect in establishing Appellant's intent. Because the evidence was relevant and necessary to the State's case, and because it was sufficiently limited before the jury, the trial court did not abuse its discretion in admitting it, and Appellant's first point of error should be overruled.

Appellant's second point complains that the trial court erred in granting the State's challenge for cause of a prospective juror. However, Appellant failed to preserve this claim for appellate review because he did not make a specific objection to the challenge at the time it was made. Moreover, Appellant later waived his objection by affirmatively stating that he had no objection to the panel as seated. Furthermore, even on its merits the claim fails because the juror, after several equivocal answers to the State's questions, eventually stated that he could not convict based on the testimony of a single witness, even if that witness convinced him beyond a reasonable doubt of the Appellant's guilt. The trial court thus properly excused the juror for cause because he had demonstrated he was unable to follow a law upon which the State was entitled to rely. Finally, Appellant is unable to demonstrate or even describe any harm resulting from the discharge of this single juror. There is no indication that he was impaired in his defense, denied his use of preemptory challenges, or forced to go to trial before an unfit or unfair

jury. Because there is no harm attendant to the complained-of "error," this Court should overruled his point of error and affirm his conviction.

## ARGUMENT

The decision to admit or exclude evidence rests within the sound discretion of the trial court. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Likewise, a trial court's decision to sustain or overrule a challenge for cause to a potential juror is reviewed for an abuse of discretion. *Gonzalez v. State*, 353 S.W.3d 826, 831 (Tex. Crim. App. 2011). An abuse of discretion occurs when the trial court acts "without reference to any guiding rules and principles." *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Phrased differently, a court abuses its discretion when it acts arbitrarily and unreasonably. *Reynolds v. State*, 227 S.W.3d 355, 371 (Tex. App. – Texarkana 2007, no pet.). However, as long as a court's ruling is within a zone of reasonable disagreement, it will not be disturbed on appeal. *Salazar v. State*, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001). In short, a trial court judge is given a "limited right to be wrong," as long as the result is not reached in an arbitrary or capricious manner. *Montgomery*, 810 S.W.2d at 380. Further, the trial court's ruling should be affirmed if it is correct under any legal theory in the record. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

4

**Appellant's choice of pornography was relevant to show which acts would arouse or gratify his sexual desire and to refute a defensive theory of fabrication.**

Appellant complains that evidence of pornography recovered from his computer and admitted at trial was not relevant. "Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401. In these cases, Appellant was charged by three indictments with the offense of indecency with a child. That offense required the State to prove, as an essential element of the crime, that the defendant acted "with intent to arouse or gratify the sexual desire of any person." TEX. PENAL CODE § 21.11(c); *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). Thus, the nature and existence of Appellant's sexual desire and the means of its gratification are "facts of consequence to the determination" of his guilt, and any evidence tending to make those facts more probable is relevant evidence. *See Sarabia v. State*, 227 S.W.3d 320, 324 (Tex. App. – Ft. Worth 2007, pet. ref'd). Because "arousal," "gratification," "sexual desire," and "intent" are all intangible concepts, the State was permitted to prove them by circumstantial evidence. *Darby v. State*, 922 S.W.2d 614, 620 (Tex. App. – Ft. Worth 1996, pet. ref'd).

The evidence admitted as State's exhibits 8, 9, 10, and 11 depicted not only

5

images retrieved from Appellant's computer, but also his search and browser history. Thus, it provided insight not only into what images he viewed, but what search terms he used and which websites he selected from those searches. The pornographic images and themes depicted in State's exhibits 8 through 11 were therefore relevant circumstantial evidence of the Appellant's sexual desire and, by extension, the actions by which he might gratify that sexual desire. *See Sarabia*, 227 S.W.3d at 324-25. Accordingly, the exhibits were relevant for that purpose, and the trial court did not abuse its discretion in admitting them over Appellant's objection.

Appellant also complains that there was insufficient predicate established to admit the exhibits because there was no direct evidence that Appellant searched for, downloaded, or viewed the items depicted in State's exhibits 8 through 11. However, in deciding whether to admit evidence the trial court need only make a preliminary determination that the proponent of the item has supplied facts sufficient to support a reasonable jury's conclusion that the proffered evidence is what it purports to be. *Butler v. State*, 459 S.W.3d 595, *7-8 (Tex. Crim. App. 2015). This preliminary determination may be made based on direct or circumstantial evidence, provided there are sufficient "indicia of reliability" to assure that the item is authentic and unaltered. *Wallace v. State*, 782 S.W.2d 854, 857-58 (Tex. Crim. App. 1989).

6

Here, there was sufficient circumstantial evidence to show that the images contained in State's exhibits 8 through 11 belonged to Appellant. First, the State showed that the computer from which the images were retrieved belonged to Appellant and was found in Appellant's home (Ct. R. vol. 4, at 278-79). The State also produced testimony that the computer was retrieved from Appellant's residence mere hours after his arrest, and that the content found had been searched for and viewed within the past few days (Ct. R. vol. 4, at 279-280, 291). Although Appellant shared the residence with his wife and children, each of them testified that they did not make any of the searches or view any of the materials depicted in State's exhibits 8 through 11, and that no one outside of the house had access to the computer (Ct. R. vol. 5, at 28, 35, 42, 45-46, 48-49). Moreover, Appellant's wife testified that although she had viewed pornography in the past with Appellant, he was by far the most prolific consumer of internet pornography, and that he did so with extreme regularity on that particular laptop (Ct. R. vol. 4, at 185-87). She also testified that the main reason she stopped viewing pornography with the Appellant was that his tastes had gravitated toward violent sexual imagery and depictions of rape – such as those that were depicted in the exhibits – and that she did not find those themes arousing (Ct. R. vol. 4, at 186). In sum, the State produced sufficient "indicia of reliability" that the images retrieved from Appellant's laptop were what they were purported to be: objects of the Appellant's

7

internet browsing history and a reflection of his personal sexual interests. Under the circumstances, the trial court did not abuse its discretion in admitting the exhibits and allowing the jury to make the ultimate determination of authenticity. *See Butler*, 459 S.W.3d at *7.

Finally, Appellant contends that the images were not relevant because Appellant did not show the material to the victim or otherwise use it in furtherance of the sexual assault. However, the logical relevance of such evidence to show a defendant's sexual desires, and by extension his intent to arouse or gratify those desires, does not turn on whether he then showed those images or otherwise communicated those desires to his victim. They stand alone to show what a defendant finds desirable, and what he seeks out to fulfill himself when left to his own choices. Appellant cites precisely no authority to support such a requirement, and the case law is replete with examples in which evidence of pornography was admitted despite not having been shown to the intended sexual assault victims.[2] The trial court therefore did not abuse its discretion in finding the evidence relevant, and Appellant's point of error should be overruled.

---

[2] *See, e.g., Sarabia v. State*, 227 S.W.3d 320, 323-24 (Tex. App. – Ft. Worth 2007, pet ref'd); *Mattingly v. State*, 382 S.W.3d 611, 615 (Tex. App. – Amarillo 2012, no pet.); *Darby v. State*, 922 S.W.2d 614, 620 (Tex. App. – Ft. Worth 1996, pet. ref'd); *Wooley v. State*, 2010 Tex. App. LEXIS 10306 at *11 (Tex. App. – Dallas 2010, no pet.); *Stinson v. State*, 2009 Tex. App. LEXIS 3186 at *7-8 (Tex. App. – Dallas 2009, no pet.); *Bitterman v. State*, 2007 Tex. App. LEXIS 7235 (Tex. App. – Austin 2007, pet. dism'd).

**Evidence of the defendant's choice of pornography was limited to prevent substantially unfair prejudice.**

Appellant also complains that the prejudice attendant to the pornography evidence substantially outweighed the probative value of that evidence to the State's case. Although generally speaking all relevant evidence is admissible,[3] even relevant evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. This does not mean that the evidence is simply harmful to a party's case, as virtually all evidence is harmful to some degree (otherwise it would not be offered). *Casey v. State*, 215 S.W.3d 870, 883 (Tex. Crim. App. 2007). Rather, "unfair prejudice" means that the evidence has an undue tendency to suggest a decision on an improper basis, typically an emotional one, or that it has an adverse effect beyond tending to prove the fact or issue that justifies its admission. *Id.*

It is not enough that the evidence is prejudicial, or even that it is more prejudicial that probative; the evidence must be <u>unfairly</u> prejudicial in order to be excluded under rule 403. *Vasquez v. State*, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002) (emphasis in original).[4] A reviewing court should reverse a trial court's judgment under rule 403 "rarely and only after a clear abuse of discretion," because the trial court is in a superior position to gauge the impact of the relevant

---

[3] TEX. R. EVID. 402.
[4] *See also Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (citing *United States v. Long*, 574 F.2d 761 (3rd Cir. 1978).

9

evidence. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999). The proper inquiry under the rule is whether (1) the inherent probative force of the evidence, along with (2) the proponent's need for that evidence, is substantially outweighed by (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

As noted, "intent to arouse or gratify the [defendant's] sexual desire" is an essential element of the crime of indecency with a child, an is an implicit element of the offense of sexual assault of a child. *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). The State therefore had a distinct and substantial need for evidence that would tend to prove that element. Barring direct testimony from the Appellant himself, the State was forced to find other evidence of Appellant's sexual desire in order to meet its burden. Additionally, one defensive theory was that the victim falsely accused Appellant in order to keep her sister and soon-to-be step-mother close to her (Ct. R. vol. 2, at 27-29). The State therefore had a need to refute this theory and rehabilitate the victim's credibility. Evidence of the

10

defendant's interest in sexual assault, particularly incestuous sexual assault of young girls, tended not only to show just what Appellant sexually desired (young girls in a familial relationship), but how he desired them (against their will). It also tended to corroborate the victim's testimony and show that she was being truthful after she had been impeached, which was especially important given the lack of DNA, physical evidence, or direct eyewitness testimony. It was thus strongly probative and greatly needed by the State.

Additionally, while Appellant's pornography interests were certainly disturbing, the evidence had little potential to impress the jury in some irrational way. The themes depicted were generally in line with the actions Appellant was accused of committing, and his possession or viewing of such themes in private must have been less offensive to the jury than his actual commission of those acts against an unwilling, underage participant. Moreover, the State did not spend an inordinate amount of time developing the evidence, and it limited the evidence to four exhibits, only two of which were graphic images. Finally, the trial court expressly limited the jury to considering the exhibits only for "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake," and instructed that the jurors must be convinced beyond a reasonable doubt that the exhibits had been proven to be attributed to Appellant (Ct. R. vol. 4, at 286). The jury is presumed to have followed this instruction *Gamboa v. State*, 296 S.W.3d

11

574, 580 (Tex. Crim. App. 2009). Because the evidence was itself limited, and the jury's consideration of said evidence was likewise limited, the danger of irrational influence was minimal.

Because the evidence contained in State's exhibits 8 through 11 was probative and necessary to the State's case, and because it was not substantially outweighed by the tendency to incite some irrational reaction from the jury, the trial court did not err in admitting it over objection. Appellant's point of error should therefore be overruled.

**Appellant's second point of error presents nothing for review. The trial court acted within its discretion and Appellant was not burdened with an unfair or unqualified jury.**

Appellant complains that the trial court erred in excusing prospective juror Horner for cause during the State's voir dire. According to Appellant, the court erroneously misinterpreted Horner's answers regarding the "one witness rule" to mean that he could not convict based solely on the testimony of one witness, even if that one witness convinced him of all the elements of Appellant's guilt beyond all reasonable doubt. In reality, says Appellant, Horner simply intended to say that he did not think one witness could convince him beyond all reasonable doubt (Appellant's br. at 21).

As a preliminary matter, Appellant's point of error presents nothing for review because Appellant did not lodge a cogent objection at the time Horner was

12

struck. The State's attorney questioned Horner at some length about his feelings on the "one witness rule," and Horner's responses were equivocal at best (Ct. R. vol. 2, at 69-75). Despite the prosecutor's efforts to direct Horner's attention to the relevant question, Horner repeatedly gave ambiguous and non-committal answers. He eventually indicated that he could convict if convinced beyond all reasonable doubt, but stated that his analysis "could change" if all of the evidence came from only one witness (Ct. R. vol. 2, at 73). As the prosecutor clarified his question, Horner indicated that he understood all of the evidence (in the prosecutor's hypothetical scenario) would come from only one witness, but still refused to answer because he was "having a hard time with one person totally changing somebody's life" (Ct. R. vol. 2, at 74-75). The prosecutor then stated directly, "So, you would refuse to convict," to which Horner answered, "Yeah" (Ct. R. vol. 2, at 75). At this point the State challenged Horner for cause (Ct. R. vol. 2, at 75). Appellant's counsel then questioned Horner briefly before stating, "Your Honor, I'd object. He said he could listen and consider what the one witness told him" (Ct. R. vol. 2, at 77). The trial court then sustained the challenge (Ct. R. vol. 2, at 77).

In order to preserve an issue for appeal, the objecting party must make a timely and specific objection and obtain a ruling from the trial court. TEX. R. APP. P. 33.1; *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002). The objection must inform the trial judge of the ruling sought and the legal and factual

13

basis for that ruling.  *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977).  This allows the judge to limit or correct any harm resulting from the objected-to action and permits opposing counsel to cure any defect or offer additional evidence on the issue.  *Id.* at n.1.

A "specific" objection must let the trial judge know what the objecting party wants and why he thinks himself entitled to it, and must do so clearly enough for the court and parties to understand.  *Keeter v. State*, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005).  A general objection – one that does not explicitly state the basis for objection – will preserve error only if made in a context that puts the court and parties on notice of the objecting party's specific complaint.  *Zillender*, 557 S.W.2d at 517 .  Additionally, the point of error raised on appeal must correspond to the objection made at trial.  *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  An objection stating one legal theory may not be used to support a different legal theory on appeal.  *Id.*

Appellant's objection to the challenge of prospective juror Horner focused on one issue: whether Horner could listen to and consider the evidence presented by a single witness. This neither addressed the basis for the State's challenge nor does it correspond to his complaint on appeal.  Because Appellant's objection to the State's challenge was not specific at the time, it preserved nothing for review. Moreover, because Appellant now raises a separate issue on appeal than he voiced

in the trial court, he is likewise barred from asserting his claim. As such, his point of error should be overruled.

Even if Appellant's objection is considered adequate to preserve error, he then affirmatively waived that objection when the panel was finally seated. After selection was complete, the trial court read the names to both the State and Appellant and asked for specific objections from each side. In response to the court's question, "Any [objections] from the defense?" Appellant's counsel specifically stated, "No, your Honor" (Ct. R. vol. 2, at 205).

The Court of Criminal Appeals has said that such waivers are context-specific and should be considered along with the entirety of the record. *Thomas v. State*, 408 S.W.3d 877, 885 (Tex. Crim. App. 2013). If the record "plainly demonstrates" that the defendant did not intend to waive previously lodged objections, then the reviewing court should resolve the issue on the merits. *Id.* If, however, a reviewing court simply cannot determine whether abandonment was intended or understood by the trial court, then, "consistent with prior case law, it should regard the 'no objection' statement to be a waiver of the earlier-preserved error." *Id.* at 885-86. Here, it is not plainly demonstrated in the record that Appellant intended anything other than a waiver of his earlier, non-responsive objection to the State's challenge for cause. Indeed, it is likely because the objection did not correspond to the stated grounds for challenge that counsel

15

realized such an issue would be unsupportable on appeal. *See Id.* at 885.[5] In any event, there is not that "something more" that *Thomas* requires in the record to show that Appellant meant anything other than abandonment of his previous objection. Without that "something more," his statement of "no objection" should under Texas law be considered a waiver of the claim he now urges on appeal, and his point should be overruled.

Even if we reach the merits of Appellant's point, his claim should be overruled because he simply doesn't carry his burden of establishing error. A trial court's ruling on a challenge for cause is reversible only if a clear abuse of discretion is evident. *Gonzalez v. State*, 353 S.W.3d 826, 831 (Tex. Crim. App. 2011). A reviewing court should afford "great deference" to the trial court's decision because the trial judge is present to observe the demeanor of the venireperson and to listen to his tone of voice. *Id.* Particular deference is due when the venireperson's answers are "vacillating, unclear, or contradictory." *Id.*

A venireperson is challengeable for cause if he or she has a bias or prejudice against the defendant or against the law upon which either the State or the defense is entitled to rely. *Id.*; TEX. CODE CRIM. PRO. art. 35.16(b)(3), (c)(2). The test is whether the venireperson's bias or prejudice would substantially impair his ability

---

[5] Noting one possible reason for waiver to be, "[p]erhaps upon reflection the defendant has assessed his chances of success on appeal to be negligible given the evidence produced during the evidentiary hearing."

16

to carry out his oath and instructions in accordance with the law. *Id.* To establish a proper basis for a challenge for cause, the proponent must show that the venireperson understood the requirements of the law and still could not overcome his prejudice well enough to follow the law. *Id.* at 832. That is, the law must be explained to him, and he must be asked whether he can follow that it regardless of his personal views. *Id.*

Here, the law was clearly and patiently explained to prospective juror Horner. He was instructed – and indicated that he understood – that the State is entitled to a conviction if it proves all of the elements of a defendant's guilt beyond a reasonable doubt. He was further instructed, and further assented to understanding, that this remains the case whether or not the State satisfies its burden on the strength of a single witness's testimony. Yet he equivocated in his ability to following the law because he was troubled by "one person totally changing somebody's life" (Ct. R. vol. 2, at 74-75). The trial court reasonably interpreted this statement to mean that, in Horner's eyes, one person should not be able to bring about a criminal conviction of another, no matter how convincing or truthful they appear. Coupled with his direct statement mere seconds later that in such a circumstance, he would refuse to convict, the trial court reasonably acted to strike Horner for cause.

Whether Horner's statement could be interpreted to mean, as Appellant now

17

suggests, that he personally could not be convinced beyond a reasonable doubt by the testimony of one witness is irrelevant. The fact that he was "vacillating, unclear, [and] contradictory" means that this Court should be "particularly deferential" to the interpretations and ruling of the trial court. Because the court did not operate outside of the zone of reasonable disagreement, its ruling on the State's challenge for cause should be affirmed, and Appellant's point of error overruled.

Finally, even if this Court finds the trial court's ruling was error, Appellant's point should be overruled because he has failed to show that he was denied a fair trial by an impartial jury. *See Jones v. State*, 982 S.W.2d 386, 393 (Tex. Crim. App. 1998). The long-standing rule in Texas is that the erroneous excusing of a veniremember will call for reversal only if the record clearly shows that the error deprived the defendant of a lawfully constituted jury. *Id* at 394. This standard, over a century old, upholds the policy long endorsed by the Court of Criminal Appeals: the liberal granting of challenges for cause. *Id.* In that Court's opinion, the venire comprises so many jurors who are clearly qualified that it is unnecessary to err by denying a challenge for cause on a close question. *Id.* A criminal defendant does not have a right to have any particular person serve on his jury, only that the jurors who do serve are qualified to do so. *Id.* at 393. That is, the defendant's rights go to those who serve on the jury, not to those who are excused.

18

*Id.*

Here, there is absolutely no showing in the record that the jurors who were eventually selected to Appellant's jury were anything but qualified, fair, and impartial. Appellant's misplaces considerable effort complaining that a similarly situated criminal appellant could never demonstrate harm. The fact is that Appellant cannot even describe harm, let alone demonstrate it. He simply asks this Court to assume that because this particular juror was excused, and because he (sort of) objected at the time, there must be some harm somewhere. Such a tenuous conclusion cannot be a sufficient showing to justify appellate reversal of a criminal conviction. Therefore, under long-standing precedent, this Court should conclude there was no harm and should overrule Appellant's point of error.

## CONCLUSION

Under the indictments in this case, the State was required to prove that the Appellant acted to arouse or gratify his sexual desire by engaging in sexual contact with his underage victim. This required not only a showing of Appellant's sexual appetite, but the means by which he might go about satiating it. Given the lack of direct evidence on the matter, the State was required to use circumstantial evidence of his tastes in pornography in order to meet its burden. Additionally, Appellant's recent pornographic searches and images were relevant to refute the defensive theory that he was falsely accused, because they tended to corroborate the victim's

19

version of events. Because the evidence of Appellant's taste in pornography was limited in its presentation (by the State) and its permitted scope (by the trial court) there was little danger of unfair prejudice. As such, the trial court did not err in admitting the evidence, and Appellant's first point of error should be overruled.

Appellant's second point should also be overruled because it was not preserved for appeal. Appellant's objection at the time the State moved to strike a veniremember for cause did not address the State's grounds for challenge, and thus did not constitute a timely and specific objection necessary to preserve error. Moreover, Appellant subsequently waived any objections once the entire panel was seated. Even if Appellant preserved error, the trial court did not abuse its discretion in striking the potential juror because his comments reasonably indicated that he could not follow an aspect of law upon which the State was entitled to rely. Finally, any error in excusing the juror was harmless because there is no indication that his excuse caused an unfair or unqualified jury to sit in Appellant's case.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, there being no reversible error in the trial of this case, the State respectfully moves this Court to overrule Appellant's points of error and affirm his conviction. The State further prays for any and all such additional relief as the Court may deem just and appropriate.

Dated: July 20, 2015

20

Respectfully submitted,

/s/     *John B. Setterberg*
John B. Setterberg
State Bar No. 24043915
Assistant Criminal District Attorney
Fannin County, Texas
101 East Sam Rayburn Dr., Suite 301
Bonham, Texas 75418
903-583-7448
903-583-7682 (fax)

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document contains 4,722 words, exclusive of the portions described by TEX. R. APP. P. 9.4 (i)(1), as computed by the computer program used to prepare the document.

/s/     *John B. Setterberg*
John B. Setterberg
Assistant Criminal District Attorney
Fannin County, Texas

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically to the individual listed below on this the 20th day of July, 2015.

/s/     *John B. Setterberg*

21

John B. Setterberg
Assistant Criminal District Attorney
Fannin County, Texas


Steven R. Miears
211 N. Main
Bonham, Texas 75418
ATTORNEY FOR APPELLANT