**AFFIRM; and Opinion Filed July 16, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00819-CR

**MICHAEL STEVEN COBURN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 97th District Court**
**Montague County, Texas**
**Trial Court Cause No. 2017-0020M-CR**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Lang-Miers

Appellant Michael Coburn was found guilty, under a multi-count indictment, of four counts of aggravated sexual assault of a child and four counts of indecency with a child by sexual contact.[1] Appellant was sentenced to seventy-five years' imprisonment on the aggravated sexual assault counts and twenty years' imprisonment on the indecency counts.[2] He appeals raising two issues: (1) that the trial court erred in admitting inadmissible evidence of an extraneous offense at the guilt/innocence phase of the trial and (2) that Article 38.37 § 2 (b) of the Texas Code of Criminal Procedure is unconstitutional on its face under the due process clause of the Fourteenth

---

[1] Appellant was originally charged with thirteen counts of aggravated sexual assault of a child and indecency with a child. Prior to trial, the State struck five counts from the indictment.

[2] All sentences were ordered to run consecutively.

Amendment to the United States Constitution. U.S. CONST. amend. XIV; TEX. CODE CRIM. PROC. art 38.37 § 2(b). We affirm.

## Factual Background

Because the facts are well known to the parties, we need not recite them in detail in this memorandum opinion. We will recite only the facts necessary to resolve this appeal.

A.C., who was nine years old at the time of trial, testified in detail that when she was five years old her biological father, appellant, sexually assaulted and sexually abused her in multiple ways and on multiple occasions for over a year. The State also presented evidence relevant to the sexual assault and sexual abuse allegations from A.C.'s mother, to whom she made outcry, a forensic interviewer at a children's advocacy center who spoke with A.C. on multiple occasions,[3] a nurse who had examined A.C., and a therapist as an expert witness.[4]

Appellant denied all of his daughter's allegations. Appellant believed A.C. had been coached into making the allegations against him either by her mother or grandmother.

## Admission of Extraneous Offense Evidence

In his first issue, appellant claims that the trial court erred by admitting, at the guilt/innocence phase of the trial, evidence of an inadmissible extraneous offense, *i.e.,* possession of child pornography in the form of a video. The State responds that the video was properly admitted to show appellant's motive and interest in young girls.

*Background*

Prior to trial, the State gave notice of its intent to introduce evidence of extraneous offenses or bad acts at the guilt/innocence phase of the trial. Specifically, the State intended to introduce evidence that, on or about the 26th day of February, 2014, appellant "did then and there

---

[3] Videotapes of these interviews were also introduced.

[4] The therapist had never met A.C. or appellant, nor had she treated either A.C. or appellant.

intentionally and knowingly possess visual material that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, to-wit: actual masturbation, specifically, 'video2.3gp.'" Appellant moved to suppress this evidence. The trial court held a hearing prior to trial on the admissibility of the pornographic video.

At this hearing, Mathew Poole, a detective captain with the Nacona, Texas Police Department, testified that he interviewed appellant on February 26, 2014. They "discussed the allegations of sexual abuse and sexual assault against his daughter" as well as "allegations that he had shown his daughter pornographic material and could have possibly taken pornographic photos of his daughter" on his cell phone. Poole obtained consent from appellant to search his residence. At that residence, appellant showed the police the location of his bedroom. A cellular phone was at the side of appellant's bed on the floor; the phone was in three pieces because the back of the phone and the battery had been removed. It appeared to Poole to be a phone on which "any type of digital media" could be viewed. Poole seized the phone and obtained an evidentiary search warrant for the phone, which was later transported to the Secret Service in Irving, Texas for analysis of its contents.

The phone was returned to the police along with a report which indicated that it contained multimedia sub-files such as digital audio and video files. The phone was then turned over to the District Attorney's Office.

Chris Hughes, an investigator with the District Attorney's office, reviewed the report from the Secret Service. There was a short clip video that depicted what Hughes believed was child pornography, *i.e.*, a video of a female child masturbating. Hughes contacted Dr. Jamye Coffman, the medical director of child abuse at Cook's Children's Hospital, who agreed to review the video. Her conclusion, sworn to in an affidavit, was that the video showed the genitalia of a female child

–3–

under the age of fourteen. Hughes did not listen to any audio that may have been on the video, nor was Dr. Coffman provided with audio on the copy sent to her.

At the conclusion of the hearing, the State asked to be allowed to introduce the video at the guilt/innocence phase of the trial:

> [W]e've provided enough evidence to support a finding that the defendant committed this offense beyond a reasonable doubt. We've given notice to the defense that we intend to use this offense in our case-in-chief, so it's admissible under 38.37 as well as 404(b) because it's at least some evidence of the defendant's intent or motive to arouse his sexual desire with prepubescent girls and the State can provide case law related to that point of it being admissible under 404(b) if the Court so requests."

The defense argued that the motion should be denied because the prejudicial effect of the video outweighed any probative value. The defense also argued that the audio portion of the tape might show that it was not a child on the video:

> [T]hey didn't take the opportunity to listen to any volume on there. We have evidence and we believe that there's volume on there that's attached to that that would be the language or the sound of someone that is not a child and we believe that the State would not be able to meet their burden of proof beyond a reasonable doubt should this issue be brought to a jury, and so we're asking that you deny the motion.

The trial court originally took the motion under advisement to view the video and to ascertain if there was sound on the video. The trial court later overruled the motion to suppress. In a written order, the trial court made the following findings:

> 1) that the evidence of the extraneous offense allegedly depicted in State's Exhibit No. 4 – the video recording – is adequate to support a finding by the jury that the Defendant committed the separate offense of possession of child pornography beyond a reasonable doubt;
>
> 2) that State's No. 4 is probative of the ultimate issues in this case and should be admitted for its bearing on relevant matters in this case, including the character of the Defendant and the acts allegedly committed by him in conformity with that character and Defendant's intent with respect to the offenses charged against him;
>
> 3) that State's Exhibit No. 4 is not unfairly prejudicial to the Defendant; and

–4–

4) that State's Exhibit No. 4 is admissible in evidence under Texas Code of Criminal Procedure Articles 37.07 and 38.37, after the Court's due consideration of admissibility under Texas Rules of Evidence 404(b) and 609.

During trial, the State provided additional evidence concerning the video. Jeff Shaffer, the agent who had conducted the examination of appellant's cellular phone, testified that he could not obtain any images from the phone itself because it had been damaged, possibly by water. However, Shaffer was able to obtain some photographs and video from the phone's SD memory card; in particular, he obtained a video dated April 3, 2013. Over appellant's renewed objection that "the nature of certain things that may be on there that may be highly prejudicial to my client which outweighs any probative value that may be on this disk," the trial court admitted the video. The video contained some audio which Shaffer, who had lived for three years in France, believed was in the French language though he could not understand what was being said.

Dr. Coffman, who had previously viewed the video without the audio,[5] explained why she concluded that the video depicted masturbation by a female child most probably under the age of fourteen:

> Well, you can see really close up of the genital area on that video and it's a child that's prepubertal or hasn't started menstrual cycles. And so it would have to be under the age of fourteen because the range for menstrual cycles is anywhere from age nine to fourteen. And there's no estrogen effect on the genitals in that video, so it would have been under fourteen.

In Dr. Coffman's opinion, the acts depicted on the video constituted child pornography.

In its charge to the jury, the trial gave a limiting instruction concerning the evidence of the extraneous offense:

> You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offenses alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only

---

[5] After hearing the audio at trial, Dr. Coffman could not express an opinion as to whether the sound was from an adult or a child.

consider the same for any bearing the evidence has on relevant matters including the character of the defendant, and acts performed in conformity with the character of the defendant.

The defense did not refer to the video in closing arguments. Two references were made to the video in the State's closing arguments:

> And then we bring in Jeff Shaffer. And Jeff, with the secret service, analyzed the phone and, sure enough, he couldn't obtain any information. And he said it appeared to him that it was – the damage to the phone was consistent with it having been put in water and removed, but he could access the SD card and that was important because that's where child pornography was. Child pornography that had been put on that SD back on April 3, 2013 and it hadn't been erased. You had to take steps to put it on the SD in order to save it and it hadn't been deleted. It was still on there when that phone was seized.

> \*

> And you know what, there's another little girl that I would submit to you is gone that you heard evidence, that's the victim of that child pornography. That's why that stuff is so bad. Think about it. What is the girl in that video doing today? Slave trafficking somewhere. She's a victim of some sexual abuse going on and that's profitable for those people to do that because of people like him. They have it. They collect it. They save it. Look at it. As much sex as he's been involved in, different kind of sex, don't you know children are there for him too. That's more than a reasonable deduction from the evidence … What he's done is evil. It's not just bad, it's evil, to his daughter, to that victim of the pornography.

Defense counsel did not object to these arguments.

### *Standard of Review*

An appellate court reviews a trial court's admission or exclusion of evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court does not abuse its discretion if the decision to admit evidence is within the zone of reasonable disagreement. *Id*.

### *Rule 404(b)*

In holding the video admissible, the trial court relied, in part, on TEX. R. EVID. 404(b) which provides that, while evidence of other crimes, wrongs, or bad acts is inadmissible if it is

offered to prove the character of a person in order to show action in conformity therewith, such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, absence of mistake or accident, or to rebut a defensive theory. TEX. R. EVID. 404(b)(1), (b)(2).

Four counts of the indictment on which appellant was tried were alleged acts of indecency with a child by sexual contact. "Intent to arouse or gratify sexual desire" is an element of indecency with a child. TEX. PENAL CODE § 21.11 (a); *Sarabia v. State*, 227 S.W.3d 320, 324 (Tex. App.—Fort Worth 2007, pet. ref'd). Some courts have held that "intent to arouse or gratify sexual desire" is an implicit element of aggravated sexual assault of a child, which was the offense alleged in the other four counts of the indictment. *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998) (holding that indecency with a child is a lesser included offense of aggravated sexual assault and that "intent to arouse and gratify" is a part of the "proof of the elements of aggravated sexual assault"); *Sarabia*, 227 S.W.3d at 323-24 (holding that "intent to arouse or gratify sexual desire" in an implicit element of aggravated sexual assault of a child).

Possession of child pornography is relevant circumstantial evidence that is admissible under Rule 404(b) to show a defendant's intent to arouse or gratify his own sexual desire. *Sarabia,* 227 S.W.3d at 324 (holding that evidence of child pornography found on computer discs in the defendant's home were admissible under Rule 404(b) to show the defendant's intent to arouse or gratify his sexual desire via underage boys); *Wooley v. State,* No. 05-09-00455-CR, 2010 WL 5395650, at *8-9 (Tex. App.—Dallas December 30, 2010, no pet.) (not designated for publication) (holding that five child pornographic photographs found on the defendant's home computer were admissible and not unduly prejudicial in a prosecution for aggravated sexual assault); *Jones v. State*, 119 S.W.3d 412, 422 (Tex. App.—Fort Worth 2003, no pet.) (holding extraneous offenses were admissible under Rule 404(b) to show the defendant's intent to arouse or gratify his sexual desire via underage girls); *Darby v. State*, 922 S.W.2d 614, 620 (Tex. App.—Fort Worth 1996,

pet. ref'd) (holding that a magazine containing sexually explicit photographs of a young female posing with a teddy bear was properly admitted into evidence during the defendant's trial for indecency with a child); *see also Simmons v. State*, No. 08-14-00043-CR, 2015 WL 6740884, at *4 (Tex. App.—El Paso Nov. 4, 2015, no pet.) (not designated for publication) (holding that evidence of possession of child pornography was relevant to show that the defendant exposed himself for sexual gratification, which is an element of the underlying offense of indecency with a child by exposure).

In this case, the video depicting child pornography was admissible under Rule 404(b) because it tended to show appellant's intent or motive to arouse or gratify his sexual desire via sexual acts performed by underage girls. The trial court did not abuse its discretion by finding the video was admissible under Rule 404(b).

### Article 38.37 § 2(b)

Because an accused must be tried only for the offense for which he is charged and may not be tried for a collateral crime or for being a criminal generally, extraneous offense evidence is usually not admissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991); TEX. R. EVID. 404(b)(1) (providing that evidence of "a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"). In prosecutions for crimes against children, Article 38.37 enlarges the scope of admissible evidence by permitting the admission of extraneous offenses.

In prosecutions for sexual offenses against children under the age of seventeen, Article 38.37 §1 permits the admission of evidence concerning extraneous offenses committed by the defendant against the child:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
>
> (2) the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. art. 38.37, § 1(b). In prosecutions for indecency with a child and sexual assault of a child, the statute permits the admission of specifically enumerated extraneous sexual offenses, including those committed against someone other than the child complainant: sex trafficking of a child; continuous sexual abuse of a young child or children; indecency with a child; sexual assault of a child; aggravated sexual assault of a child; online solicitation of a minor; sexual performance by a child; possession or promotion of child pornography; and any attempt or conspiracy to commit any of these offenses. TEX. CODE CRIM. PROC. art. 38.37, § 2(a)(1)(A)–(H), (2). Section 2(b) then provides as follows:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

TEX. CODE CRIM. PROC. art. 38.37, § 2(b).

In this case, evidence of possession of child pornography depicting an underage female masturbating demonstrates appellant's sexual interest in young girls. Consequently, it has bearing on a "relevant matter" under Article 38.37 § 2(b).

The child pornography video is also admissible to show character conformity under Article 38.37 § 2(b). *See Cox v. State,* 495 S.W.3d 898, 904 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (concluding that a defendant's "possession of pornography was some proof that he is sexually attracted to prepubescent girls" in an aggravated sexual assault case); *see also Nolen v.*

*State*, No. 02-15-00159-CR, 2016 WL 7405795, at *8 (Tex. App.—Fort Worth Dec. 22, 2016, pet. ref'd) (not designated for publication) (concluding that the statute enlarges the scope of admissible testimony but leaves untouched the amount or degree of proof required for conviction).

The trial court did not abuse its discretion by finding the video admissible under Article 38.37.

### *Rule 403 Balancing Factors*

Evidence otherwise admissible under either Rule 404(b) and/or Article 38.37 may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403; *Sarabia,* 227 S.W.3d at 323; *see also Jones,* 119 S.W.3d at 421. When evaluating a trial court's determination under Rule 403, we will reverse "rarely and only after a clear abuse of discretion" because the trial court is in a superior position to gauge the impact of the relevant evidence. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); *Sarabia,* 227 S.W.3d at 323; *Jones*, 119 S.W.3d at 421–22.

The trial court's balancing determination must be measured against the relevant criteria by which a Rule 403 decision is made. *Mozon*, 991 S.W.2d at 847; *Martin v. State*, 176 S.W.3d 887, 895–96 (Tex. App.—Fort Worth 2005, no pet.). The relevant criteria in determining whether the prejudice of an extraneous offense substantially outweighs its probative value include the following: (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable – a factor which is related to the strength of the evidence presented by the prosecution to show that the defendant in fact committed the extraneous offense; (2) the potential the evidence has to impress the jury "in some irrational but nevertheless indelible way;" (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the force of the prosecution's need for this evidence to prove a fact of consequence – *i.e.*, does the prosecution have other probative

–10–

evidence available to help establish this fact, and is this fact related to an issue in dispute. *Mozon*, 991 S.W.2d at 847 (citing *Montgomery v. State*, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1991)); *Sarabia,* 227 S.W.3d at 323; *Martin,* 176 S.W.3d at 896. It is only when the relevant criteria are viewed objectively and lead to the conclusion that the danger of unfair prejudice substantially outweighs the probative value of the proffered evidence that an appellate court should declare that the trial court erred by failing to exclude it. *Montgomery,* 810 S.W.2d at 392; *Sarabia,* 227 S.W.3d at 323; *Jones*, 119 S.W.3d at 422.

We first consider how compelling the extraneous offense serves to make a fact of consequence more or less probable. The video demonstrated appellant's sexual interest in young girls as well as his intent to arouse or gratify his sexual desires with young girls. In this case, appellant denied his guilt and strongly contested A.C.'s credibility. Evidence of the pornographic video tends to refute his defenses because it provides solid evidence of his interest in sexual matters with young girls. And the video was found on appellant's cellular phone which shows that appellant committed the offense of possession of child pornography.

Second, the video was unlikely to impress the jury "in some irrational but nevertheless indelible way." A.C. testified about multiple acts of vaginal, anal, and oral penetration, as well as multiple and varied acts of sexual contact and sexual touching. These acts were performed over the course of a year when A.C. was five years old. The short video of an underage girl masturbating was less inflammatory than A.C.'s detailed testimony before the jury. The video was unlikely to impress the jury in an irrational, indelible way.

Third, the time the prosecution needed to develop evidence of possession of the pornographic video was not great. This evidence was developed during portions of Poole, Shaffer and Coffman's testimony. This was a lengthy and extensive trial. Six other witnesses, including A.C., testified for the State and appellant testified in his own behalf. The relatively small amount

of time expended on developing how the video was discovered and introducing the video into evidence was unlikely to distract the jury from consideration of the indicted offenses.

Last, the extraneous offense was highly probative. The State's case consisted of A.C.'s testimony, her outcry to her mother, and her forensic interviews, as well as the testimony of a SANE nurse and a sex abuse therapist. There was, however, no physical evidence of sexual assault or sexual contact; no trauma was noted in the SANE exam and there was no DNA evidence. There were no eyewitness to any of these events and appellant did not confess. At trial, appellant attacked A.C.'s credibility, testifying that he believed A.C. had been coached, and advanced a theory that he was being framed either by A.C.'s mother or grandmother. Appellant also implicitly advanced a defense of mistake, claiming he had administered rectal suppositories to A.C. for constipation; appellant wanted the jury to believe A.C. could be confused and that the touching could have been innocent. These defensive theories increased the State's need to show this prosecution was not a "frame-up," an accident, or a misunderstanding.

In summary, the video depicting child pornography found on appellant's cellular phone demonstrated he had a sexual interest in underage girls. The trial court did not abuse its discretion by finding that the probative value of this evidence outweighed any prejudicial effect.

### *Any Error is Harmless*

Even if we were to conclude that the trial court erred by admitting the pornographic video, that error would be harmless. Because appellant complains about the admission of evidence, the proper standard of review is for non-constitutional error as provided in Rule 44.2(b), which requires that any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b); *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). A substantial right is affected when the error had a "substantial and injurious" effect or influence in determining the jury's verdict or when the error leaves one in grave doubt about

whether it had such an effect. *Id*. A substantial right is not affected, and error will be deemed harmless, if, after reviewing the entire record, the appellate court determines that the error did not influence, or had only a slight influence, on the trial outcome. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). Under Rule 44.2(b), unless the error had a substantial and injurious effect or influence in determining the verdict, the error will not constitute reversible error. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). When conducting a harm analysis under Rule 44.2(b), everything in the record, including evidence of a defendant's guilt, is a factor to be considered. *Motilla,* 78 S.W.3d at 357.

In this case, our review of the record shows that the State introduced substantial evidence of guilt. Indeed, appellant does not challenge the sufficiency of the evidence.

The law is well settled that the testimony of a child victim, standing alone, is sufficient to support a conviction for indecency with a child and for sexual assault of a child. TEX. CODE CRIM. PROC. art. 38.07 (a) (providing that a conviction for sexual assault is supportable on the uncorroborated testimony of the victim of the sexual offense); *IslasMartinez v. State*, 452 S.W.3d 874, 880 (Tex. App.—Dallas 2014, pet. ref'd) (holding that a child victim's testimony is sufficient to support a conviction for aggravated sexual assault); *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.) (holding that a complainant's testimony alone is sufficient to support a conviction for indecency with a child). A.C.'s testimony, standing alone, was sufficient to support the jury's guilty verdict on all counts of the indictment. As noted above, the short video of an underage girl masturbating was less inflammatory than A.C.'s detailed testimony before the jury. The video was unlikely to have been a deciding factor in appellant's conviction.

And the trial court admitted the video with an instruction limiting the jury's consideration of the evidence; the jury had to find beyond a reasonable doubt that appellant committed the offense and that the offense had bearing on relevant matters before it could be considered. We

presume the jury followed these instructions and have found no evidence that it failed to do so. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005).

The jury had ample evidence from which it could rationally find that each element of the offense was proven beyond a reasonable doubt. The jury was properly instructed as to the conditions under which it could consider possession of the pornographic video in reaching its verdict. We conclude that any error in admitting the video was harmless and overrule appellant's first issue.

## Constitutionality of Article 38.37 § 2(b)

In his second issue, appellant claims that Article 38.37 § 2(b) of the Texas Code of Criminal Procedure is facially unconstitutional because it violates his fundamental right to a fair trial as guaranteed by the due process clause of the Fourteenth Amendment to the US. Constitution. U.S. CONST. amend. XIV; TEX. CODE CRIM. PROC. art. 38.37 § 2(b).

### *Preservation*

Appellant states in his brief that he objected to the admission of the pornographic video on the ground that admission of this extraneous offense, *i.e.*, possession of child pornography, would deprive him of his right to a fair trial under the federal due process clause. However, appellant does not cite this Court to any place in the record where he voiced this objection or otherwise presented this claim to the trial court. Consequently, appellant does not adequately present this issue for our review. *See* TEX. R. APP. P. 38.1(i); *Buntion v. State*, 482 S.W.3d 58, 106 (Tex. Crim. App. 2016).

Additionally, our review of the record fails to reveal where appellant voiced this objection or otherwise presented this claim to the trial court. To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request,

–14–

objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015). The trial court must rule on the request, objection, or motion, either expressly or implicitly, or the complaining party must object to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). As noted above in this opinion, the trial court made several rulings on appellant's motion to suppress the video, but did not make any ruling with respect to the constitutional grounds appellant now argues on appeal. By not presenting his constitutional claim to the trial court, appellant has not preserved this issue for our review. TEX. CODE CRIM. PROC. art. 1.14; *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that a defendant may not raise a facial challenge to the constitutionality of a statute for the first time on appeal); *see also McNamara v. State*, No. 02-16-00422-CR, 2018 WL 2248665, at *6 (Tex. App.—Fort Worth May 17, 2018, no. pet. h.)(not designated for publication) (holding that a defendant forfeited his facial constitutional challenge to Article 38.37 § 2(b) by raising his challenge too late and by failing to present it to the trial court for a ruling).

### *Article 38.73 § 2(b) is Constitutional*

Even if appellant had preserved this issue for our review, we would resolve it against him. While the Court of Criminal Appeals has not yet addressed the constitutionality of Article 38.37 §2 (b), most intermediate courts of appeals, including this Court, have done so and have found this portion of the statute constitutional. *See, e.g.*, **First Court of Appeals**: *Buxton v. State*, 526 S.W.3d 666, 685–89 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd); **Second Court of Appeals**: *Gusman v. State*, No. 02-18-00157-CR, 2018 WL 3060213, at *3 (Tex. App.—Fort Worth June 21, 2018, no pet. h.) (not designated for publication)(holding that Article 38.37, § 2 does not violate a defendant's right to due process); *see also McNamara,* 2018 WL 2248665, at *7 (noting that if the defendant had preserved his constitutional complaint, the Second Court of Appeals "would have joined our sister courts in holding article 38.37, section 2(b) constitutional"); **Third Court**

**of Appeals:** *Robisheaux v. State*, 483 S.W.3d 205, 209-13 (Tex. App.—Austin 2016, pet. ref'd); **Fourth Court of Appeals**: *Burke v. State*, No. 04-16-00220-CR, 2017 WL 1902064, at \*2 (Tex. App.—San Antonio May 10, 2017, pet. ref'd) (not designated for publication); **Fifth Court of Appeals:** *Mayes v. State*, No. 05-16-00490-CR, 2017 WL 2255588, at \*18–19 (Tex. App.—Dallas May 23, 2017, pet. ref'd) (not designated for publication); *Fronek v. State*, No. 05-14-01118-CR, 2016 WL 3144243 (Tex. App.—Dallas June 6, 2016, pet. ref'd) (not designated for publication); **Sixth Court of Appeals:** *Carrillo v. State*, No. 08-14-00174-CR, 2016 WL 4447611, at \*8-9 (Tex. App.—El Paso Aug. 24, 2016, no pet.) (not designated for publication); **Seventh Court of Appeals:** *Bezerra v. State*, 485 S.W.3d 133, 139-40 (Tex. App.—Amarillo 2016, pet. ref'd); **Ninth Court of Appeals:** *Holcomb v. State*, No. 09-16-00198-CR, 2018 WL 651228, at \*2 (Tex. App.—Beaumont Jan. 31, 2018, pet. ref'd) (not designated for publication); **Tenth Court of Appeals:** *Martinez v. State*, No. 10-16-00397-CR, 2018 WL 2142742, at \*6 (Tex. App.—Waco May 9, 2018, no pet. h.) (not designated for publication); *Gates v. State*, No. 10-15-00078-CR, 2016 WL 936719, at \*4 (Tex. App.—Waco Mar. 10, 2016, pet. ref'd) (not designated for publication); **Twelfth Court of Appeal**s: *Belcher v. State*, 474 S.W.3d 840, 843-47 (Tex. App.—Tyler 2015, no pet.); **Thirteenth Court of Appeals**: *Chaisson v. State*, No. 13-16-00548-CR, 2018 WL 1870592, at \*5 (Tex. App.—Corpus Christi April 19, 2018, pet. filed) (not designated for publication); **Fourteenth Court of Appeals**: *Harris v. State*, 475 S.W.3d 395, 398-403 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Appellant has raised no arguments regarding the constitutionality of the statute which would compel a different conclusion.

**Conclusion**

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)

170819F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL STEVEN COBURN, Appellant

No. 05-17-00819-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 97th District Court, Montague County, Texas
Trial Court Cause No. 2017-0020M-CR.
Opinion delivered by Justice Lang-Miers.
Justices Evans and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of July, 2018.