**Adam SARABIA, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–06–049–CR, 2–06–106–CR.**

Court of Appeals of Texas,
Fort Worth.

April 19, 2007.

Marty Cannedy, Wichita Falls, for Appellant.

Barry L. Macha, Crim. Dist. Atty., John W. Brasher, John Gillespie, Asst. Dist. Atty's for Wichita County, Wichita Falls, for Appellee.

PANEL F: CAYCE, C.J.; GARDNER and McCOY, JJ.

## OPINION

ANNE GARDNER, Justice.

Appellant Adam Sarabia appeals from (1) his conviction by a jury for four counts

of aggravated sexual assault and (2) his conviction on his pleas of guilty to one count of promotion of child pornography and three counts of possession of child pornography. In two issues, Appellant complains that the trial court erred by admitting evidence of child pornography in the assault trial because the admission of the evidence violated rules 403 and 404(b) and because the evidence was seized under a "defective" search warrant. We affirm.

## Background.

On September 9, 2004, S.H., a twelve-year-old boy, made an outcry to police that (1) he had a sexual relationship with Appellant, a thirty-eight-year-old man, and (2) Appellant had shown him a child pornography image on Appellant's computer. A search warrant for Appellant's home was issued and executed on September 10, 2004, and police found computer discs containing child pornography.

A grand jury indicted Appellant for four counts of aggravated sexual assault of a child, one count of promotion of child pornography, and three counts of possession of child pornography. On Appellant's motion, the trial court severed the assault prosecution from the child pornography prosecution.

During the guilt/innocence phase of the assault trial, S.H. testified that he engaged in oral and anal sex with Appellant several times in June and July 2004. S.H. said that after their last sexual encounter, Appellant showed him a photograph of a naked child on Appellant's computer and asked him if he liked it. S.H. identified the photograph, the State offered it into evidence, and the trial court admitted it over Appellant's rule 403 and 404(b) objections. The State also introduced, over Appellant's objection, two contact sheets of several images depicting child pornography compiled from the computer discs

found during the search of Appellant's residence. The jury convicted Appellant on four counts of aggravated sexual assault of a child and assessed punishment at sixty years' confinement for each count.

In the child pornography prosecution, Appellant filed a motion to suppress the pornography seized from his residence, arguing that the outcry information recited in the search warrant affidavit was stale because the affidavit failed to state when S.H. saw child pornography on Appellant's computer. After the trial court denied the motion to suppress, Appellant pleaded guilty to one count of promotion of child pornography and three counts of possession of child pornography. The trial court sentenced him to twenty years' confinement for the first count and ten years' confinement for each of the other three counts.

## Admission of child pornography in assault trial.

■ In his first point, Appellant argues that the trial court erred by admitting the child pornography into evidence during the assault trial over his rule 403 and 404(b) objections. The exhibits in question comprise the one photograph S.H. testified he saw on Appellant's computer and two contact sheets of photographs S.H. did not see. We review a trial court's evidentiary rulings for an abuse of discretion. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex.Crim.App.2004).

■ Under rule 404(b), evidence of other crimes, wrongs, or bad acts is inadmissible if it is offered to prove the character of a person in order to show action in conformity therewith, but it may be admissible for other purposes, such as proof of motive, opportunity, intent, absence of mistake or accident, or to rebut a defensive theory. Tex.R. Evid. 404(b). Article 38.37 of the code of criminal procedure provides

that notwithstanding rule 404, evidence of other crimes, wrongs, or bad acts committed by a defendant against a child who is the victim of the alleged sexual assault "shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child." TEX.CODE CRIM. PROC. ANN. art. 38.37 (Vernon Supp.2006); *Jones v. State,* 119 S.W.3d 412, 420 (Tex.App.-Fort Worth 2003, no pet.).

■ Evidence admissible under rule 404(b) or article 38.37 may be excluded under rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *See* TEX.R. EVID. 403; *Jones,* 119 S.W.3d at 421. When evaluating a trial court's determination under rule 403, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion," because the trial court is in a superior position to gauge the impact of the relevant evidence. *Mozon v. State,* 991 S.W.2d 841, 847 (Tex. Crim.App.1999); *Jones,* 119 S.W.3d at 421–22. When the relevant criteria are viewed objectively and lead to the conclusion that the danger of unfair prejudice substantially outweighs the probative value of the proffered evidence, the appellate court should declare that the trial court erred by failing to exclude it. *Montgomery v. State,* 810 S.W.2d 372, 392 (Tex. Crim.App.1991) (op. on reh'g); *Jones,* 119 S.W.3d at 422.

■ The relevant criteria in determining whether the prejudice of an extraneous offense substantially outweighs its probative value include (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show that the defendant in fact committed the extraneous offense; (2) the potential the evidence has to impress the jury "in some irrational but nevertheless indelible way"; (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the force of the proponent's need for this evidence to prove a fact of consequence; that is, does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute. *Mozon,* 991 S.W.2d at 847 (citing *Montgomery,* 810 S.W.2d at 389–90); *Martin v. State,* 176 S.W.3d 887, 895–96 (Tex.App.-Fort Worth 2005, no pet.).

In this case, the one photograph Appellant showed to S.H. was admissible under article 38.37 because it was evidence of a crime or bad act committed against S.H.— that is, it was evidence that Appellant promoted child pornography by exhibiting it to S.H.—and it showed the subsequent relationship between Appellant and S.H.[1] *See* TEX.CODE CRIM. PROC. ANN. art. 38.37; TEX. PENAL CODE ANN. §§ 43.25(5), 43.26(e) (Vernon 2003) (criminalizing the exhibition of child pornography); *see also* TEX. PENAL CODE ANN. § 43.24 (Vernon 2003) (criminalizing the display of harmful material to a minor).

■ We turn now to the two contact sheets containing photos that S.H. did not see. "Intent to arouse or gratify sexual desire" is an implicit element of aggravated sexual assault of a child. *Ochoa v. State,* 982 S.W.2d 904, 908 (Tex.Crim.App. 1998) ("[T]he Legislature did not intend

---

**1.** S.H. testified that Appellant showed him the image sometime after their last sexual en-

counter.

that the 'intent to arouse and gratify' requirement be excluded from proof of the elements of aggravated sexual assault."). "Intent to arouse and gratify sexual desire" is also an explicit element of the lesser included offense of indecency with a child, with which the trial court charged the jury. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). Thus, the two contact sheets, which depict underage boys engaged in sex, were admissible under rule 404(b) because they tend to show Appellant's intent or motive to arouse or gratify his sexual desire via underage boys. *See Jones*, 119 S.W.3d at 422 (holding extraneous offenses admissible under rule 404(b) to show appellant's intent to arouse or gratify his sexual desire via underage girls). The trial court admitted the contact sheets with an instruction limiting the jury's consideration of the evidence to noncharacter-conforming purposes. *See id.* at 421 (citing *Powell v. State*, 63 S.W.3d 435, 438 (Tex.Crim.App.2001)). Therefore, we hold that the trial court did not abuse its discretion by overruling Appellant's rule 404 objections.

Applying the rule 403 balancing factors to this case, we first consider how compellingly the photographs served to make a fact of consequence more or less probable. At trial, Appellant contested S.H.'s credibility. The one photograph Appellant exhibited to S.H. tended to show that S.H.'s outcry statement and testimony were truthful. And, as we already noted, all of the photographs also tend to show Appellant's intent to arouse or gratify his sexual desire with underage boys. While the photographs are repugnant, they had little potential to impress the jury in some irrational way; the activities depicted therein were close in kind to the activity for which Appellant was on trial, namely, orally and anally sodomizing a preteen boy, and Appellant's possession of the photos was less heinous than the evidence relating to the

aggravated sexual assault itself. *See Jones*, 119 S.W.3d at 422–23. The State did not spend an excessive amount of time developing the evidence. Finally, the force of the State's need for the evidence was significant because the State had nothing else (other than S.H.'s own testimony) with which to answer Appellant's attack on S.H.'s credibility; as the State observes, there was no DNA or other physical evidence showing that Appellant assaulted S.H.

Appellant relies *Thrift v. State* for the proposition that rule 403 bars the admission of child pornography as evidence of "intent to arouse or gratify" sexual desire. 134 S.W.3d 475, 477 (Tex.App.–Waco 2004), *aff'd on other grounds*, 176 S.W.3d 221 (Tex.Crim.App.2005). In *Thrift*, the appellant was tried for aggravated sexual assault of a child and indecency with a child. *Id.* As in our case, the appellant's defense was that the complainant was lying. *Id.* at 478. The trial court admitted into evidence photographs found in the appellant's residence depicting sexually-aroused teenage males, instructing the jury that it could consider the photos in connection with the "intent to arouse or gratify" element of the indecency charge. *Id.* In a two-to-one decision, the majority held that the photographs were inadmissible under rule 403 because "intent to arouse or gratify" was not controverted and was readily inferred from the offense itself. *Id.*

We disagree with the *Thrift* majority's reasoning. First, to say that an element of an offense may be "readily inferred" from the offense itself is circular reasoning. If "A" and "B" are the elements of offense "C," it is logically impossible to infer element "A" from conclusion "C" when element "A" is essential to proving "C" in the first place. "Intent to arouse or gratify sexual desire" is an essential element of indecency with a child, and that

element cannot be inferred simply by concluding that the defendant committed the offense. To hold otherwise would relieve the State of its duty to prove all elements of an offense beyond a reasonable doubt. *See Mullaney v. Wilbur*, 421 U.S. 684, 699–700, 95 S.Ct. 1881, 1889–90, 44 L.Ed.2d 508 (1975); *In re Winship*, 397 U.S. 358, 363–64, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970). Second, as the *Thrift* dissent pointed out, when a defendant contends that an event did not occur, that denial puts every element of the offense in issue. *Thrift*, 134 S.W.3d at 481 (Gray, C.J., dissenting in part and concurring in part) (citing *Old Chief v. U.S.*, 519 U.S. 172, 199–200, 117 S.Ct. 644, 659, 136 L.Ed.2d 574 (1997)). For these reasons, we decline to follow the *Thrift* majority's reasoning.

We hold that the trial court did not abuse its discretion by admitting the child pornography exhibits over Appellant's rule 403 objection, and we overrule Appellant's first point.

### Admission of evidence obtained under "defective" search warrant.

■ In his second point, Appellant argues that the trial court erred by admitting the child pornography into evidence because the search warrant under which it was seized was defective. Specifically, Appellant argues that the search warrant affidavit failed to establish the informant's credibility and failed to state when the informant saw the child pornography on Appellant's computer.

■ To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX.R.APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim.App.1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R.APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex.Crim.App.2004).

Appellant did not file a motion to suppress in the assault prosecution; nor did he raise his defective-warrant argument when the State offered the child-pornography exhibits at trial. Therefore, he failed to preserve his complaint for appeal, and we overrule his second point.[2]

### Conclusion

Having overruled Appellant's two points, we affirm the trial court's judgment.

---

**2.** Appellant filed a single brief comprising his arguments in his appeals from the judgments in both prosecutions. His first point is specifically limited to the appeal from the assault prosecution. His second point purportedly relates to both the assault and the child pornography prosecutions ("Issue Presented Number Two is applicable to Counts 1–8," where counts one through four refer to the assault prosecution and counts five through eight refer to the child pornography prosecution). But the error of which he complains in his second point—"[t]he trial court erroneously admitted evidence obtained from a search warrant that was defective"—relates only to the assault prosecution because there was no evidence offered in the child-pornography prosecution. Appellant did file a motion to suppress in the child-pornography case, but he has not assigned error to, nor does his brief discuss, the trial court's denial of that motion. Thus, his appeal presents nothing for our review with regard to the denial of the motion to suppress specifically and his child-pornography convictions generally. *See* TEX.R.APP. P. 38.1(e), (g), (h).