**Affirmed and Memorandum Opinion filed December 17, 2019.**



**In the**

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-18-00737-CR

**MICHAEL BRYAN LUKE, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 15CR2252**

## MEMORANDUM OPINION

A jury found Michael Bryan Luke guilty of continuous sexual abuse of a young child or children between January 29, 2008 to April 18, 2015 and assessed punishment at imprisonment for a term of 40 years. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.17, 2007 Tex. Gen. Laws 1120, 1127, *amended by* Act of Apr. 7, 2011, 82d Leg., R.S., ch. 1, § 6.04, 2011 Tex. Gen. Laws 1, 15 (former Tex. Penal Code § 21.02, since amended). In three issues, appellant argues that he was provided ineffective assistance of counsel, and that the trial court erred in

admitting evidence concerning appellant's possession of adult pornography. We affirm.

## I.  BACKGROUND

Appellant and Wanda Robinson lived together at a house in Santa Fe, Texas for approximately ten years, the last three of those as a married couple, until appellant moved out and filed for divorce in early July 2015. While appellant and Robinson lived together, Robinson's four grandchildren would sometimes visit and stay overnight. During the evening of August 22, 2015, and continuing into the following morning, two of Robinson's female grandchildren made outcries of sexual abuse against appellant. The two complainants testified at trial, each stating that, among other acts, appellant touched her genitals and forced her to touch his genitals. In each case, the abuse started when the complainant was between six and eight years old and continued for more than a year. Each complainant also testified that appellant forced her to watch videos in the course of the abuse, with one complainant describing the content as "adult films" or "porn," and the other complainant describing the content as videos of "grown-ups" "having sex." There were no allegations that the videos shown to complainants contained child pornography.

The State attempted to admit evidence of pornography gathered from desktop computers found in storage at the house that appellant and Robinson had shared. Detective Groce of the Galveston Police Department conducted a forensic analysis of the computers, determining that one of the computers contained several images and video snippets appearing to be child pornography, and the other computer contained 332 images and videos of what Groce termed "adult pornography." The trial court excluded the evidence of child pornography, but allowed Groce to testify regarding the adult pornography. Groce also testified that,

2

from his analysis, he could not determine who viewed the adult pornography, but that the computer containing the adult pornography also contained approximately 1,400 emails from accounts that appeared to belong to appellant.

## II. ANALYSIS

### A. Ineffective assistance of counsel

In his first and second issues, appellant claims he received ineffective assistance of counsel because his trial counsel did not object to (1) the State's improper jury argument during closing, or (2) the admission of evidence that appellant possessed adult pornography under Rule 404(b) of the Texas Rules of Evidence.

Both the United States Constitution and the Texas Constitution guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10. This right necessarily includes the right to reasonably effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying *Strickland* standard to ineffective-assistance claims under the Texas Constitution). To prevail on his claims of ineffective assistance of counsel, appellant must prove (1) counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687–88; *Hernandez*, 726 S.W.2d at 55. In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Duncan v. State*, 717 S.W.2d 345, 347–48 (Tex. Crim. App. 1986). To defeat this presumption, any allegation of ineffectiveness must be firmly grounded in the record so that the record affirmatively shows the alleged

ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Trial counsel generally should be given an opportunity to explain counsel's actions before the court finds counsel ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). In most cases, direct appeal proves an inadequate vehicle for raising an ineffective-assistance claim because the record typically is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Id.* at 110–11. In the face of a silent record, we are unable to discern trial counsel's strategy, so we will not find deficient performance "unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

### 1. Closing argument

In his first issue, appellant claims he received ineffective assistance of counsel because his trial counsel failed to object when the State referred to appellant as a "pedophile" during closing argument. Proper jury argument generally falls within one of the following four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 232 (Tex. Crim. App. 1973). The decision to object to particular statements made during closing argument is a matter of trial strategy. *See Ex parte Scott*, 541 S.W.3d 104, 119–20 (Tex. Crim. App. 2017).

In its initial closing argument, the State did not use the term "pedophile." Defense counsel made the following argument that appellant was *not* a pedophile in closing:

> A logical conclusion that we can all come to is that if you're a
> pedophile and you're attracted to children, you're going to try and put

yourself in the position to be around children. And that's the exact opposite of what Mike Luke did.

. . .

He gave up access to be around these kids, which if you're abusing kids, you'd think you might be a little bit concerned then they might start talking when you're not around anymore. You think you would be concerned—if that's what your attraction is, you've just now given up access to children, that's not what pedophiles do.

In rebuttal, the State then argued that complainants "told the truth. Defendant in this case is a pedophile."

Appellant did not file a motion for new trial, which would have provided the trial court with an opportunity to hold a hearing on counsel's performance and develop a record for appeal. Without an affidavit from counsel or a hearing on appellant's ineffective-assistance complaint, there is nothing in the record to inform this court of trial counsel's strategy on this issue. *See Goodspeed*, 187 S.W.3d at 392. Accordingly, we cannot find that counsel provided ineffective assistance unless the conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia*, 57 S.W.3d at 440.

The conduct under review does not meet that demanding standard. Perhaps trial counsel thought the topic was fair game, given that the defense arguably opened the door to the subject by being the first party to use the term "pedophile" in closing. *See id.* (in absence of record showing trial counsel's strategy, courts will not find counsel's performance deficient if any reasonably sound strategic motivation "can possibly be imagined") (quoting 3 Wayne R. LaFave, Jerold H. Israel & Nancy J. King, *Criminal Procedure* § 11.10(c) (2d. ed 1999)). Likewise, trial counsel may have decided that objecting to the State's single use of the word "pedophile" would only bring attention to and emphasize the purported error. *See Scott*, 541 S.W.3d at 119–20; *Kuhn v. State*, 393 S.W.3d 519, 539 (Tex. App.—

Austin 2013, pet. ref'd) ("One such reasonably sound strategic motivation could have been the desire to avoid drawing additional attention to the prosecutor's opinion."). The jury, moreover, heard testimony from the two complainants, each of whom testified that appellant abused her beginning between ages six and eight, and that in each case the abuse lasted for more than a year. Trial counsel could have surmised from this testimony that calling appellant a pedophile was a reasonable deduction from the evidence. *See Alejandro*, 493 S.W.2d at 232; *Valdez v. State*, 2 S.W.3d 518, 521–22 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (prosecutor's closing argument that aggravated-sexual-assault-of-a-child defendant was "pedophile" was reasonable deduction from evidence). In any event, we cannot conclude from the record before us that trial counsel's conduct was so outrageous that no competent attorney would have engaged in it, and accordingly overrule appellant's first issue. *See Garcia*, 57 S.W.3d at 440.

## 2. Rule 404(b) objection regarding possession of adult pornography

In his second issue, appellant claims he received ineffective assistance of counsel because trial counsel failed to raise an objection under Texas Rule of Evidence 404(b) to Groce's testimony that appellant possessed "adult pornography." Rule 404(b) bars admission of "other crimes, wrongs, or acts . . . to prove the character of the person in order to show action in conformity therewith." Tex. R. Evid. 404(b).

The evidence in question concerned Groce's testimony that a computer which was found at the house that appellant shared with Robinson, and which contained approximately 1,400 of appellant's e-mails, also contained "332 pieces of viewable media, pictures and videos, which appear to be adult pornography." As above, we examine the record to determine whether any reasonable trial strategy could justify counsel's conduct. *Garcia*, 57 S.W.3d at 440.

6

At the time of admission of Groce's testimony, the State argued that the evidence concerning adult pornography was admissible because it corroborated the testimony of complainants, each of whom testified that appellant forced her to watch adult pornography. Trial counsel reasonably could have concluded that the State was not offering the evidence as proof of action in conformity with character, but instead for a different purpose not prohibited by Rule 404(b). *See* Tex. R. Evid. 404(b) (evidence of other crimes, wrongs, or acts may be admissible for "other purposes"); *see also Marc v. State*, 166 S.W.3d 767, 776 (Tex. App.—Fort Worth 2005, pet. ref'd) (evidence of extraneous acts admissible under Rule 404(b) for purpose of corroborating victim's testimony about specific incidents at issue at trial). Likewise, trial counsel reasonably could have concluded that the pornography was evidence of a bad act committed by appellant against complainants, and accordingly could have been admissible under Code of Criminal Procedure article 38.37, section 1(b). *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 1(b) (evidence of defendant's other crimes, wrongs, or acts against victim admissible at trial for continuous sexual abuse of child "for its bearing on relevant matters"); *Sarabia v. State*, 227 S.W.3d 320, 323 (Tex. App.—Fort Worth 2007, pet. ref'd) (pornographic photograph defendant showed to victim was admissible under article 38.37 because it was evidence of crime or bad act committed against victim and showed subsequent relationship between defendant and victim).

By the time of Groce's testimony, moreover, the jury had already heard complainants' testimony that appellant forced them to watch "adult films," "porn," and videos of adults "having sex." This testimony drew no objection, rendering any error in admitting Groce's testimony that appellant possessed "adult pornography" harmless. *See Crocker v. State*, 573 S.W.2d 190, 201 (Tex. Crim. App. 1978) ("It is well established that the improper admission of evidence does

7

not constitute reversible error if the same facts are shown by other evidence which is not challenged."). Again, we cannot conclude from the record before us that trial counsel's conduct was so outrageous that no competent attorney would have engaged in it. *See Garcia*, 57 S.W.3d at 440. We overrule appellant's second issue.

## B. Rule 403 objection regarding possession of adult pornography

In his third issue, appellant argues that the trial court erred in admitting Groce's testimony that appellant possessed "adult pornography" because the relevance of this evidence was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403 (providing that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence").

We first address the State's argument that this issue has been waived because appellant did not preserve error. At trial, appellant's counsel argued that the "nexus" linking appellant to the computer on which the adult pornography was found "was so tenuous, it makes [the evidence] unreliable, and, therefore, less probative of—for whatever reason [the State] would be admitting . . . the adult pornography for. . . . And as it reduces its probative value, it's not reducing how extremely prejudicial it is to my client in this type of case." This objection, referencing both the balancing test of Rule 403 and the specific prong on which the objection was founded (unfair prejudice), adequately preserves error. *See* Tex. R. App. P. 33.1(a) (requiring that to preserve appellate complaint, party must present objection to trial court with sufficient specificity to make trial court aware of complaint).

The trial court, however, did not abuse its discretion by admitting the evidence of adult pornography. In reviewing the trial court's balancing-test

8

determination under Rule 403, we may reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1991); *see Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007) (Rule 403 favors admission of relevant evidence and carries presumption that relevant evidence will be more probative than prejudicial).

Here, the evidence is probative as corroborating complainants' accounts of abuse—specifically, that appellant forced them to watch adult pornography. Any prejudicial impact, moreover, is mitigated by the fact that the jury had already heard unobjected-to evidence from both complainants that appellant watched pornography. Under these circumstances, evidence of pornography located on a computer appellant appeared to have used would not prejudice appellant to the point of making the evidence inadmissible under Rule 403. *See Gallo*, 239 S.W.3d at 762–64; *see also Mattingly v. State*, 382 S.W.3d 611, 615 (Tex. App.—Amarillo 2012, no pet.) (explaining that evidence showing that appellant watched "a variety" of adult pornography "is hardly a shocking piece of evidence and would not seem to suggest that the jury would arrive at its verdict on an improper basis").[1]

We overrule appellant's third issue.

---

[1] Though unpublished, we also find persuasive the case of *Allen v. State*, in which the First Court of Appeals held that any prejudicial effect of evidence that the defendant owned adult pornography was outweighed by the probative value of corroborating the child victim's testimony that the defendant forced her to watch adult pornography in the course of sexual abuse. No. 01-10-00652-CR, 2012 WL 2106550, at *4–6 (Tex. App.—Houston [1st Dist.] June 7, 2012, pet. ref'd) (mem. op., not designated for publication).

### III.  CONCLUSION

We affirm the judgment of the trial court.

/s/    Charles A. Spain
       Justice

Panel consists of Justices Christopher, Spain, and Poissant.

Do Not Publish — TEX. R. APP. P. 47.2(b).