**Affirmed and Opinion Filed November 20, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-01033-CR

**ADDISON DOUGLAS MAYS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-84413-2019**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Partida-Kipness

A jury convicted Appellant Addison Douglas Mays of continuous sexual abuse of a child. TEX. PENAL CODE § 21.02. He was sentenced to forty years imprisonment. On appeal, Mays contends: (1) the trial court abused its discretion in admitting pornography-related evidence under Texas Rules of Evidence 404(b) and 403, and (2) the prosecutor's closing argument denied him a fair trial. We affirm.

# BACKGROUND[1]

Mays is the biological father of R.M. Mays and R.M.'s mother divorced in 2016. R.M. lived with her mother following the divorce and would visit Mays at his residence on weekends and occasional weekdays. At the time of the alleged abuse, Mays lived with his mother. Beginning around September 2017—when R.M. was eight years old—and continuing until early 2019, Mays allegedly touched R.M.'s vagina with his fingers and put his penis in the crook of her knee, squeezing it until he ejaculated. R.M. stated these acts happened more than twenty times during this timeframe. R.M. also described an incident where Mays caused R.M. to grab his penis. These incidents mostly occurred under the covers of Mays's bed when R.M. was visiting. While R.M.'s younger brother was sometimes in the room at the time of the sexual contact, he apparently never saw the abuse, and there were no other eyewitnesses.

In April 2019, R.M. and a young friend were playing a game of "therapy" wherein R.M. discussed what Mays had done. The friend contemporaneously transcribed the details in a letter R.M. later gave to her mother. R.M. also verbally told her mother about the abuse. After R.M.'s mother reported the incidents to police, R.M. underwent a sexual abuse physical exam and gave testimony to a forensic examiner. Police arrested and interviewed Mays, who was charged with continuous

---

[1] Mays does not challenge the sufficiency of the evidence supporting his conviction. Therefore, we discuss the facts as necessary to address his issues on appeal.

sexual abuse of a child under fourteen and the lesser included offense of indecency with a child by contact. *See* TEX. PENAL CODE §§ 21.02, 21.11.

At trial, the jury heard R.M.'s detailed testimony about the alleged abuse. R.M.'s mother testified about R.M.'s letter and outcry statements. The State submitted portions of Mays's police interview and evidence from McKinney Police Detective Nolan Palmer describing pornographic internet searches and browsing history extracted from Mays's electronic devices. Mays's mother testified she did not witness any inappropriate behavior by Mays during R.M.'s visits to her house. Mays did not testify, but his counsel contended R.M.'s allegations were fabricated at the behest of her mother, who sought to cut Mays out of her new family's life.

The jury found Mays guilty of continuous sexual abuse of a child as charged in the indictment. The trial court set punishment at forty years imprisonment. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). If the trial court's ruling falls within the zone of reasonable disagreement, we should affirm. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). Similarly, we review a trial court's ruling on an objection asserting improper jury argument for abuse of discretion. *See Garcia*

*v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004); *Whitney v. State*, 396 S.W.3d 696, 705 (Tex. App.—Fort Worth 2013, pet. ref'd).

## ANALYSIS

In two issues, Mays asserts this Court should reverse his conviction and remand to the trial court. We address each issue in turn.

### I.	Admission of Evidence Under Rules 404(b) and 403

Mays first contends the trial court abused its discretion in admitting—over his Rule 404(b) and 403 objections—evidence of his incest-related pornographic internet searches and browsing history. Mays contends admission of this evidence was harmful error.

Relevant evidence is generally admissible. TEX. R. EVID. 402. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401. Evidence of extraneous offenses is generally inadmissible. TEX. R. EVID. 404(a). However, Rule 404(b) allows evidence of other crimes, wrongs, or acts if the evidence has relevance apart from character conformity. TEX. R. EVID. 404(b). Evidence of other crimes, wrongs, or acts may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*; *Moses*, 105 S.W.3d at 626. Extraneous-acts evidence may also be admissible to rebut a defensive theory. *Moses*, 105 S.W.3d at 626.

Although admissible under Rule 404(b), evidence may still be excluded under Rule 403 if the danger of unfair prejudice substantially outweighs its probative value. TEX. R. EVID. 403; *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999). The term "unfair prejudice" refers not to an adverse or detrimental effect of evidence but to an undue tendency to suggest a decision on an improper basis, commonly an emotional one. *Casey v. State*, 215 S.W.3d 870, 883 (Tex. Crim. App. 2007). Unfair prejudice does not arise from the mere fact evidence injures a party's case. *Id.* Rule 403 favors the admission of relevant evidence, and courts presume relevant evidence will be more probative than prejudicial. *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006). The trial court is presumed to have conducted the proper balancing test if it overrules a Rule 403 objection, regardless of whether it conducted the test on the record. *Williams. v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997).

Here, Mays objected to data extracted from his electronic devices. This extraction showed Mays's internet searches for "dad" and "daughter" pornography, "teasing daddy" video views, and a "frequently visited site" of "free daughter" pornography. Mays also objected to the video of Mays's police interview where Mays referenced viewing pornography. The trial court overruled Mays's objections and admitted the evidence.

Mays argues the searches were not relevant to any charged issue and were overly prejudicial because they yielded only adult pornography. Mays further asserts

the State introduced this evidence to show character conformity, pointing to the State's closing arguments:

> It's who he is, and what better way to see who he is than by his own internet history. Teasing daddy, dad search on xvideos.com, daughter search on xvideos.com, free daughter porn . . . and not only that, but Members of the Jury, you know his Internet searches and you know exactly what he is into and what sexual fetishes he has and what his sexual fetish is, it's that he would have sex with his 8-year-old daughter.

The State contends the searches were relevant to show Mays's sexual desire and to rebut the defensive theory of fabrication and coaching by R.M.'s mother.

## A.    The evidence was admissible under Rule 404(b)

Mays was charged with continuous sexual abuse of a child. *See* TEX. PENAL CODE § 21.02(b), (c). "Intent to arouse and gratify sexual desire" is an element of the predicate offense of indecency with a child, with which the trial court charged the jury. *Id.* § 21.11(a)(1), (c). The State may prove intent through circumstantial evidence. *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). Thus, the internet searches and frequently visited site history directed at "dad," "daughter," and "free daughter porn," were admissible under Rule 404(b) because they tended to show Mays's intent or motive to arouse or gratify his sexual desire with his daughter. *See Sarabia v. State*, 227 S.W.3d 320, 324 (Tex. App.—Fort Worth 2007, pet. ref'd) (in defendant's trial for aggravated sexual assault of a child, images depicting child pornography compiled from defendant's computer discs were admissible under Rule 404(b) because they tended to show intent or motive to arouse or gratify his sexual desire with underage boys); *Wooley v. State*, No. 05-09-00455-

CR, 2010 WL 5395650, at *8 (Tex. App.—Dallas Dec. 30, 2010, no pet.) (not designated for publication) (child pornography photos found on defendant's computer were relevant circumstantial evidence of defendant's intent to arouse or gratify his sexual desire in trial for aggravated sexual assault of a child and thus admissible under Rule 404(b)).

The evidence was also admissible to rebut the defensive theory of fabrication by R.M. Mays's counsel raised this theory in his opening statement and attempted to elicit trial testimony in support. The father/daughter pornographic searches and browsing history tended to rebut Mays's fabrication defense and were admissible for this purpose. *See De La Paz v. State*, 279 S.W.3d 336, 346-47 (Tex. Crim. App. 2009) (evidence of extraneous offense admissible for purpose of rebutting the defensive theory of fabrication); *Shockley v. State*, No. 05-12-01018-CR, 2014 WL 3756301, at *4 (Tex. App.—Dallas July 30, 2014, pet. ref'd) (not designated for publication) (similar sexual assault against unrelated child had tendency to rebut fabrication defense). The trial court did not abuse its discretion by admitting the disputed evidence under Rule 404(b).

**B.    The evidence was admissible under Rule 403**

We now turn to whether the evidence should have been excluded under Rule 403. Rule 403 analysis includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential of the evidence to impress the jury

in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Shuffield*, 189 S.W.3d at 787.

As discussed, the pornographic internet searches involving fathers and daughters were probative of the charged offenses because they tended to prove Mays's intent or motive to arouse or gratify his sexual desire with his daughter. The likelihood the jury was impressed in some irrational, indelible way by the evidence is small, considering the detailed testimony R.M. gave about the sexual abuse perpetrated by Mays. His internet searches and history were less heinous than the evidence relating to the sexual abuse itself. *See Sarabia*, 227 S.W.3d at 324. And, the State did not spend excessive time developing the evidence. The extractions from Mays's electronic devices consisted of just three pages of web history, and most entries were non-pornographic. Detective Palmer's testimony about the pornographic materials spanned less than eight pages of testimony. Less than a minute of Mays's police interview references his pornography habits.[2] The State asked Mays's mother a single question about her knowledge of Mays's browsing history. Further, the State's need for the evidence was significant. There was no DNA or other physical evidence showing Mays assaulted R.M.[3] There were no corroborating eyewitnesses. The State had little else—other than R.M.'s own

---

[2]  A review of the interview–State's Exhibit 24–did not reveal any incest references.

[3]  According to State witnesses, most sexual abuse physical exams do not show evidence of injury or abuse.

testimony—with which to rebut Mays's attack on R.M.'s credibility and the fabrication defense. *See Sarabia*, 227 S.W.3d at 324. And even if the State's closing argument suggests the pornographic searches were being used for an improper character-evidence purpose, the trial court included an instruction in the charge limiting the jury's use of evidence of other acts to the permissible purposes outlined in Rule 404(b). We generally presume the jury follows the trial court's instructions. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). Considering all these factors, we cannot say the trial court abused its discretion in admitting the evidence under Rule 403. *See Sarabia*, 227 S.W.3d at 324; *Barto v. State*, No. 13-13-00384-CR, 2014 WL 895511, at *4-*5 (Tex. App.—Corpus Christi-Edinburg Mar. 6, 2014, pet. ref'd) (mem. op., not designated for publication) (trial court did not abuse its discretion under Rule 403 in admitting six images of child pornography found on defendant's electronic devices in defendant's trial for continuous sexual abuse of a child). We overrule Mays's first issue.

## II.    Jury Argument

In his second issue, Mays contends he was denied a fair trial when the prosecutor offered her personal opinions and stated facts not in evidence during closing arguments. We disagree.

Permissible jury argument generally falls into one of four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Davis*

*v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010). Remarks of counsel must be considered within the context of the entire argument. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

For an improper jury argument to mandate reversal, it must affect the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Martinez v. State*, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000). The Court considers three factors when assessing the impact of the harm arising from improper jury argument under Rule 44.2(b): (1) the severity of the misconduct/magnitude of the prejudicial effect; (2) measures adopted to cure the misconduct; and (3) the certainty of conviction absent the misconduct. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

> During closing argument, the State argued:
>
> And Members of the Jury, I'll tell you this, I'm a child abuse prosecutor. These are the cases I hear day in and day out, and you know what, when some of you had that reaction during opening when I talked about the penis behind the leg and you kind of gave me this look, guess what? It's not something that I could make up either. How do you expect an 8- or 9-year-old—

Mays objected "as to the prosecutor inserting her own personal opinion in those matters, and also interjecting facts not in evidence." The trial court overruled the objection. Mays contends the remarks were severely prejudicial because the prosecutor was acting as a de facto expert by offering her own experience and improperly bolstering R.M.'s allegations while dismissing the defense's theory.

When the prosecutor attaches a personal belief to the credibility of a witness, the effect is to bolster the credibility of the witness with unsworn testimony, which

is improper. *Robillard v. State*, 641 S.W.2d 910, 912 (Tex. Crim. App. 1982). However, if the State's argument falls within one of the four permissible areas of jury argument, it does not constitute error. *See Davis*, 329 S.W.3d at 821; *Johnson v. State*, 987 S.W.2d 79, 84 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

During trial, Mays's counsel attempted to elicit testimony R.M.'s mother coached R.M. to fabricate the allegations to get Mays out of the picture. Counsel argued this fabrication theory during his closing argument. The State's closing argument was a response to the fabrication argument. Further, the prosecutor never directly stated she believed R.M., but merely suggested the story was not something that had been fabricated. That statement was not an improper response to defense counsel's argument R.M. had been influenced and coached by her mother. *See Lange v. State*, 57 S.W.3d 458, 469 (Tex. App.—Amarillo 2001, pet. ref'd) (prosecutor did not improperly bolster complainant's credibility by listing the people complainant would have had to fool if she were lying, in light of defense counsel's attempts to attack complainant's credibility by showing inconsistencies in her story and suggesting she had been manipulated into bringing allegations against defendant); *Wylie v. State*, 908 S.W.2d 307, 310 (Tex. App.—San Antonio 1995, pet. ref'd) (because the defense strategy was to attack the complainant's credibility by suggesting she tended to fabricate and was influenced by the prejudices of others, the arguments of the State were found to be a response to the defense and reasonable deductions from the evidence). Under this record, we conclude the trial court did

not abuse its discretion in overruling Mays's objection to the State's closing argument.

Even assuming the argument was improper, it did not constitute harmful error. The statement was brief in the State's overall argument regarding the veracity of R.M.'s allegations; any prejudicial effect was slight. That the prosecutor believed R.M. was telling the truth was not so extreme as to deny Mays due process. *See Flores v. State*, 778 S.W.2d 526, 528 (Tex. App.—Corpus Christi-Edinburg 1989, no pet.) (prosecutor's statement "This is a little girl. She got up here and told the truth." while improper, was not so extreme as to require reversal, where complainant's credibility was being addressed); *Ruedas v. State*, No. 11-13-00049-CR, 2015 WL 9584002, at *7 (Tex. App.—Eastland Dec. 31, 2015, pet. ref'd) (mem. op., not designated for publication) (prosecutor's statement the complainant "is telling the truth" did not result in the denial of due process). Moreover, the evidence in support of Mays's guilt was significant.[4] Any error, therefore, did not affect Mays's substantial rights. We overrule Mays's second issue.

## CONCLUSION

The trial court did not abuse its discretion in admitting the pornography-related evidence under Rules 404(b) or 403. The trial court did not abuse its discretion in overruling Mays's objections to the State's closing argument. Even if

---

[4] Mays candidly admits the State had sufficient evidence to overcome a sufficiency challenge.

the closing argument was improper, it did not affect Mays's substantial rights. Accordingly, we affirm the judgment.



211033f.u05
Do Not Publish
TEX. R. APP. 47.2(b)

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADDISON DOUGLAS MAYS,
Appellant

No. 05-21-01033-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-84413-2019.
Opinion delivered by Justice Partida-Kipness. Justices Reichek and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of November, 2023.